

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2004 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 05-00817 |
| Plaintiff, ) | <u>I N D I C T M E N T</u> |
| v. ) | [21 U.S.C. § 846: Conspiracy to Manufacture and Distribute Cocaine Base; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii): Distribution of Cocaine Base; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii): Manufacture of Cocaine Base] |
| RANARD BYRON GASTON, and ROBERT LEE HOLLIE, ) | |
| Defendants. ) | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A.  <u>OBJECT OF THE CONSPIRACY</u>

On or about August 19, 2004, in Los Angeles County, within the Central District of California, defendants RANARD BYRON GASTON ("GASTON") and ROBERT LEE HOLLIE ("HOLLIE"), and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally manufacture and distribute 50 grams or more of a mixture or substance containing

a detectable amount of cocaine base, a schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(iii).

B.  **MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED**

The object of the conspiracy was to be accomplished in substance as follows:

1. Defendant GASTON would negotiate with prospective buyers to sell cocaine base for a certain price.

2. Defendants GASTON and HOLLIE would obtain the powder cocaine for the buyer and then would manufacture cocaine base from the powder cocaine.

3. Defendants GASTON and HOLLIE would supply the buyer with the cocaine base at a certain location.

4. Defendants GASTON and HOLLIE would accept payment for the cocaine base.

C.  **OVERT ACTS**

In furtherance of the conspiracy and to accomplish the object of the conspiracy, on or about August 19, 2004, defendants GASTON and HOLLIE, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, including but not limited to the following:

1. Defendants GASTON and HOLLIE agreed to sell a Federal Bureau of Investigation confidential informant ("CI") approximately four and a half ounces of cocaine base for approximately $2,200.

2. Defendants GASTON and HOLLIE instructed the CI to follow them to another location in order to purchase powder cocaine.

3. Defendant GASTON took $2,200 from the CI in order to complete the sale of cocaine base.

4. Defendant HOLLIE manufactured the powder cocaine into cocaine base at defendant GASTON's residence.

5. Defendant HOLLIE gave the CI approximately 152.5 grams of a mixture or substance containing cocaine base.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii)]

On or about March 24, 2004, in Los Angeles County, within the Central District of California, defendant RANARD BYRON GASTON knowingly and intentionally distributed 50 grams or more, namely, approximately 75.6 grams, of a mixture or substance containing a detectable amount of cocaine base, a schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii)]

On or about April 6, 2004, in Los Angeles County, within the Central District of California, defendant RANARD BYRON GASTON knowingly and intentionally distributed 50 grams or more, namely, approximately 55.5 grams, of a mixture or substance containing a detectable amount of cocaine base, a schedule II narcotic drug controlled substance.

## COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii)]

On or about August 19, 2004, in Los Angeles County, within the Central District of California, defendants RANARD BYRON GASTON and ROBERT LEE HOLLIE knowingly and intentionally distributed 50 grams or more, namely, approximately 152.5 grams, of a mixture or substance containing a detectable amount of cocaine base, a schedule II narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii)]

On or about August 19, 2004, in Los Angeles County, within the Central District of California, defendants RANARD BYRON GASTON and ROBERT LEE HOLLIE knowingly and intentionally manufactured 50 grams or more, namely, approximately 152.5 grams, of a mixture or substance containing a detectable amount of cocaine base, a schedule II narcotic drug controlled substance.

A TRUE BILL

/S/
Foreperson

DEBRA WONG YANG
United States Attorney

*David A. Goodman, Deputy Chief,
Criminal Division, FOR:*

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

KEVIN LALLY
ALEXANDER A. BUSTAMANTE
Assistant United States Attorneys
Organized Crime & Terrorism Section